*David P. Corey* v. *Poppe Cornelius et al.* A. C. PAIGE,

Creditors bill on
judg'ts founded
upon attach-
ments. for appellant; C. STEVENS, for respondent. Appeal from a decision of the vice chancellor of the fourth circuit refusing to dissolve injunction, in a creditors suit. The chancellor decided that judgments rendered by justices of the peace upon attachments not served on the defendant personally, and to which he did not appear, are not such judgments as will entitle the owner thereof to come into this court for relief upon the return of the executions unsatisfied. But the plaintiff must bring new suits on such judgments, so as to give the defendant an opportunity to rebut the prima facie evidence of indebtedness, or to offset any demand which he may have.—— And if the plaintiff succeeds in obtaining new and general judgments in those suits, he must proceed and exhaust his remedy against the real as well as personal estate of the defendant, by executions thereon, before he can file a creditors bill here.

As to necessity
of docketing a
judgment in
county where
def'ts. lands are
situated. Upon the question whether an execution could be issued upon the judgment obtained by the complainant, in the supreme court, under the provisions of the revised statutes and of the act of May 1840, which would authorize the sale of the real estate of the defendant, such judgment never having been docketed in the county where the execution was issued, so as to make the judgment a lien upon the defendants real estate in that county, the chancellor expressed the following opinion:——

" That the 3d section of the title of the revised statutes relative to judgments ( 2 *R. S.* 359,) when taken in connection with the 24th section of the title relative to executions, &c., (*Idem* 367,) which prescribes the form of the execution to be issued out of the courts of common law, appear to indicate an intention to change the former law upon this subject, so as to make the docketing of the judgment an absolute pre requisite to the exercise of the power to sell the defendants real estate upon execution. As no power existed, at the common law, to sell freehold estate upon execution, such would be the necessary effect of these provisions as to the defendants free-hold lands, upon the repeal of all the former statutes authorizing such sales, if the revised statutes had not, by other sections, authorized the issuing of an execution against the

lands and tenements and chattels real of the judgment debtor generally, and without any other qualification of the right than that the record of the judgment shall be filed before the issuing of such execution. Such a right, however, is given by the first and second sections of the title relative to executions, &c., (2 R. S. 363.) And I think the effect of these sections, in connection with the other provions of the revised statutes relative to the docketing of judgments and decrees was, to put the right to sell real estate and chattels real on execution upon judgments of courts of common law, and upon executions founded on the decrees of this court, upon the same footing : that is, if the judgment or decree has been docketed, so as to make it a lien upon the lands of the debtor in the county to which the execution is issued, it will authorize the sale of the interest which he had in the land at the time of such docketing : if the time prescribed by law for the continuance of such lien has not expired. But if it has not been docketed, it will only authorize the sale of such interest as the debtor has in the land at the time of the seizure and sale; subject to the r'ghts of those who have acquired interests in, or liens upon, such lands, as purchasers or incumbrancers subsequent to the judgment or decree.

The 25th section of the act of May, 1840, (*Laws of* 1840 *p.* 334) provides that no judgment or decree thereafter to be entered shall be a lien upon real estate unless the same shall be docketed in books to be provided for that purpose by the clerk of the county where the lands are situated. But there is nothing in that act requiring a judgment of the supreme court, or a decree of the court of chancery, to be docketed with the clerk of the county where the real estate of the defendant is situated, to authorize the issuing of an execution against such real estate to the sheriff of that county. Yet as the process of the courts of common pleas, and of the superior court of the city of New-York, does not in ordinary cases extend to other counties, it is necessary to have the judgment docketed in the manner prescribed in the 29th section of the act of 1840, to authorize the local court to issue an execution to any other county than that in which such local court is held. The act of May, 1840, does not in terms dispense

with the docketing of judgments in the supreme court in the manner prescribed by the revised statutes. Nor does it authorize the docketing of such judgments in the office of the county clerk for the purpose of giving it a preference in payment out of the estate of the judgment debtor, in case of his death. It may therefore be necessary that the clerks of the supreme court shall continue to docket judgments in the manner prescribed in the revised statutes, to entitle them to a preference over subsequent judgment creditors, in payment out of an insolvent estate."

Order appealed from affirmed, with costs; but without prejudice to defendant's right to apply to the vice chancellor to dissolve the injunction, on paying into court the amount of the judgment, with interest, and giving security for payment of costs &c.